UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-12027-GAO

ARK UNDERWRITING, INC.,
Plaintiff,

v.

LEXINGTON INSURANCE COMPANY
Defendant.

OPINION AND ORDER
December 31, 2020

O'TOOLE, S.D.J.

As the caption suggests, this is an insurance coverage dispute. Ark Underwriting, Inc. ("Ark") seeks a declaratory judgment that Lexington Insurance Company ("Lexington") has a duty to defend claims made in a personal injury suit pending in state court against Shawmut Woodworking & Supply, Inc., d/b/a Shawmut Design and Construction ("Shawmut") and Haven Restoration, Inc. ("Haven"). Ark and Lexington have filed cross-motions for summary judgment. They agree that there are no factual disputes to be resolved but differ as to the legal conclusions to be drawn. The controversy is essentially presented as a case stated. The parties have extensively briefed the issues, and it is unnecessary to summarize their arguments here except as is necessary to explain the Court's resolution of the controversy.

The underlying state case concerns a claim for damages on behalf of a worker who was seriously injured in a construction site accident. The construction project involved work on a building owned by Harvard University Medical School. Shawmut was the general contractor hired by Harvard to perform the work. Shawmut contracted with Haven as subcontractor to perform certain masonry work, and Haven entered into a subcontract with Lanco Scaffolding, Inc.

("Lanco") to provide scaffolding for the job. The injured worker was an employee of Haven. He was injured when he fell from the scaffolding. The state case involves claims on behalf of the worker against Shawmut and Lanco. (His employer, Haven, was presumably exempt from suit under the Massachusetts workers' compensation regime.) Shawmut filed a third-party claim against Haven. Ark is the responsible insurer for claims against Shawmut and Haven; Lexington is the responsible insurer for claims against Lanco. Ark seeks a declaration that Lexington should be deemed the responsible insurer in the first instance for the claims against Shawmut and Haven, as well as any claims against Lanco, its insured.

Lexington issued a comprehensive general liability ("CGL") policy to Lanco. The policy's declarations page named Lanco and no other party as the "Named Insured." The policy provided coverage for certain tort-based claims alleging "bodily injury" or "property damage." The policy generally excluded from its coverage claims for breach of contract:

> 2. Exclusions
> This insurance does not apply to:
> \*   \*   \*
> b. "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.

(Aff. of Thomas W. Evans ("Evans Aff.") Ex. F at 8 (dkt. no. 39-6).) This contract claim exclusion, however, contained its own exclusion:

> This exclusion does not apply to liability for damages:
>
> (1) That the insured would have in the absence of the contract or agreement; or
> (2) Assumed in a contract or agreement that is an "insured contract" . . . .

(Id.) The policy defined an "insured contract" for purposes of the exclusion as:

> That part of any other contract or agreement pertaining to your business . . . under which you assume the tort liability of another party to pay for "bodily injury" or

>"property damage" to a third person or organization. Tort liability means a liability
>that would be imposed by law in the absence of any contract or agreement.

(Id. at 22).

The subcontract between Haven and Lanco required Lanco to maintain insurance coverage in specified amounts and for specified coverage, and further required such coverage to name both Harvard ("Owner") and Haven as an "additional insured" under the required insurance policies. (Evans Aff. Ex. K at ¶ 12 (dkt. no. 39-11).) The Haven-Lanco contract did not require Shawmut to be named an "additional insured." It appears undisputed that, notwithstanding the plain language of the Haven-Lanco contract, Lanco failed to name either Harvard or Haven as an "additional insured" under the Lexington policy. That omission was accordingly a breach of its contractual promise to do so. Ark claims that that breach was the breach of an "insured contract" entitling Haven (and Harvard) to claim the benefits of the Lexington policy as "additional insureds."

Ark's argument is unpersuasive. Although Haven apparently should have been covered as an "additional insured" under the Lexington Policy, the additional insured status would be limited to Haven's potential liability in tort and not to *its* breach of any contractual duty. Consequently, Ark's claim for coverage for Shawmut and Haven falls within the Lexington policy's exclusion of coverage for contract-based claims. The exception to that exclusion that Ark relies on only applies to a specifically defined "insured contract." An "insured contract" includes an agreement that "you assume the tort liability of another party to pay for 'bodily injury' or 'property damage' to a third person or organization." (Evans Aff. Ex. F at 22) The Lexington policy defined the terms "you" and "your" as "the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy." (Evans Aff. Ex. F at 7) Lanco is the only entity designated in the policy as a "Named Insured." Accordingly, as used in the Lexington policy the pronouns "you" and "your" refer only to Lanco. See Wright-Ryan Const., Inc. v. AIG Ins. Co. of

Can., 647 F.3d 411, 417–18 (1st Cir. 2011). In the CGL world, a "Named Insured" is different from an "additional insured." Id. at 18 (citing Alexander v. Nat'l Fire Ins. of Hartford, 454 F.3d 214, 227 (3rd Cir. 2006) ("That someone may be an additional insured does not mean that they are a Named Insured—the two terms are not interchangeable. Simply put, Named Insured means Named Insured.")). Under the Lexington policy, only Lanco, as a "Named Insured" would be entitled to coverage for a contract-based claim.[1]

Lanco's breach of the subcontract consisted of its failure to contract for insurance benefitting Harvard and Haven as required. By the subcontract provision in question Lanco did not promise to assume *tort liability* that either Harvard or Haven might incur. Rather, it promised to obtain insurance coverage for any such liability. And it did not promise anything with regard to Shawmut's potential liability. The "insured contract" exception to the exclusion of *contract-based* claims does not apply to Haven's claim because that exception was limited by its terms to the assumption of tort liability.

The basis for Ark's claim that Shawmut is entitled to the benefit of the Lexington insurance contract is not clear. The "additional insured" provision of the Haven-Lanco subcontract benefits Harvard and Haven. As noted, Shawmut is not referred to in the relevant provision, even by a

---

[1] The treatise Couch on Insurance states:

> Insurance carriers often employ the terms "you" and "your" throughout the language of a policy. These terms are typically defined as referring to the named insured shown in the declarations of the policy and any other person or organization qualifying as a named insured under the policy. Accordingly, "you" and "your" do not encompass individuals or entities added as an additional insured to the policy.
>
> This principle is consistent with the limited nature of the coverage provided to an additional insured . . . .

3 Steven Plitt et al., Couch on Insurance § 40:27 (3d ed. 2020) (footnote omitted).

4

5

categorical description (such as "General Contractor"). In any event, Shawmut's contract-based claim to be entitled to the benefit of the Lexington policy fails for the same reason that Haven's claim fails.

For these reasons, Ark's Motion for Summary Judgment (dkt. no. 36) is DENIED, and Lexington's Motion for Summary Judgment (dkt. no. 41) is GRANTED. Lexington is not obliged to defend or indemnify either Haven or Shawmut under the policy it issued to Lanco.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
Senior United States District Judge